IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WALKER GAGE OSBORN** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 4:24-CV-122-DAS**

**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

### MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration regarding his application for child insurance disability benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, the applicable law and having heard and considered oral argument, finds the decision of the Commissioner of Social Security should be reversed and remanded for further consideration.

### FACTS

This is an application for child insurance disability benefits and supplemental security income, filed on May 27, 2021, alleging onset of disability commencing on March 30, 2021. The Social Security Administration denied the claim initially and on reconsideration. Following the hearing, the ALJ issued an unfavorable decision on March 21, 2024. (Dkt. 5 p. 29-46).[1] The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

The ALJ found Osborn had the following severe impairments: disorder of the lumbar spine, Marfan's syndrome, attention deficient hyperactivity disorder (ADHD), depressive disorder, generalized anxiety disorder, and personality disorder. The ALJ found he retained the residual functional capacity (RFC) to perform light work. He can lift/carry 20 pounds occasionally and 10 pounds frequently; can stand/walk a total of 6 hours in an 8-hour workday; and sit for six hours in an 8-hour workday. He can never climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs. He can occasionally stoop, crouch, kneel, and crawl. He would need to avoid work around unprotected heights and hazardous moving machinery. He can understand remember and carry out simple instructions and perform simple routine, repetitive tasks. He can sustain attention, concentration, and persistence on task for two-hour periods sufficient to complete an 8-hour day with normal, customary breaks. He can interact as necessary with supervisors, coworkers, and the general public. He can adapt to simple changes in the workplace.

Osborn has no past relevant work and a limited education. He is a younger individual. Based on the testimony of the vocational expert, the ALJ found Osborn could do other unskilled jobs at the light level of exertion that exist in substantial numbers in the national economy, namely, yarn sorter, (110,000 jobs) ; linen grader (118,000 jobs); and garment sorter (96,000 jobs). The ALJ, therefore, determined that Osborn was not disabled.

## **ANALYSIS**

In this appeal Osborn raises multiple issues arguing the ALJ erred by not properly considering all of the evidence in the record because he did not consider and assess the impact of Osborn's migraines/headaches. He also asserts error in considering the plaintiff's Marfan

syndrome and the related extreme reduced weight. Osborn finally asserts the ALJ erred in the analysis of the medical opinions in the case.

### **MIGRAINE/HEADACHES**

The ALJ's decision acknowledged the claimant's history of severe headaches. Osborn testified that he has "headaches almost every other day that ache for most of the day and he just stays in bed." (TR 32). Despite this evidence, and multiple references in his medical records to frequent and severe headaches, the ALJ never addressed the headaches as either a severe or non-severe impairment. The decision does not indicate that the headaches were factored into the RFC. The plaintiff argues that not only should his headaches have been considered, but that they clearly qualified as a severe impairment and that the failure to assess limitations based on these headaches was prejudicial error.

The Commissioner counters that there is no error because Osborn did not list the migraine/headaches as a cause of his disability, and points to normal findings on examination. The Commissioner also notes that the nurse practitioner did not include an express diagnosis of headaches while repeatedly noting Osborn's complaints.

The ALJ's discussion of the plaintiff's migraine headaches, corroborated by his records, describe a severe condition, which the ALJ should have considered in assessing the plaintiff's RFC. Given the panoply of Osborn's other impairments, the omission of limitations from this additional medical condition may have altered the outcome. The court therefore finds that the error was prejudicial. The case must be remanded for further consideration.

### **LOW WEIGHT**

Walker Osborn has Marfan syndrome. As is typical of this syndrome, he is extremely tall and extremely thin. The medical record shows that he has consistently very low BMI scores.

When he applied at the age of twenty years and four months, he reported that he was six feet one inches tall and weighed 100 pounds. In September of 2021, hospital records show he is 6' 2.5" inches tall and weighed just 120 pounds.

Osborn alleges the ALJ erred in not finding that he met a Listing because of the severity of his being underweight secondary to his Marfan syndrome. Listing 5.08 in the Listing of Impairments addresses cases of extreme weight loss. An individual will be deemed disabled, "if despite adherence to prescribed medical treatment," the individual has a "BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 12-month period." Between April of 2021 and May of 2023, Osborn's medical records include twenty-nine notations of his BMI. All but three of those noted BMIs are below the Listing level, with the lowest BMI being just 13.6. Only at the end of August 2023 does his BMI top the Listing limit, with three BMIs through the end of December 2023 above the Listing limit.

The ALJ addressed this listing, but noted that Osborn was only prescribed megestrol in June of 2021 and December of 2022. Megestrol is a medication to aid in gaining weight. The court notes that the Listing requires compliance with the prescribed medical treatment, not any specific medical treatment.

While Osborn admits that treatment was not continuously ordered for him, the ALJ should consider whether he qualifies for a closed period of disability based on the treatment that he did receive which could well explain the the gradual increase in Osborn's weight during this time frame, as noted in the ALJ's decision.

**OTHER ISSUES**

The plaintiff also alleges that the ALJ erred in his analysis of Osborn's Marfan Syndrome. The RFC closely followed the opinions of a state agency doctor who issued the

4

report without the benefit of most of the medical records in the administrative file. Because this matter is being remanded and any new decision will be based on a different record, the court does not see the need to address this issue here.

The plaintiff also challenged the analysis of the opinion of Dr. Pamela Buck. The court finds that the ALJ adequately explained his decision to find the doctor's opinions persuasive only in part.

## CONCLUSION

The decision of the Commissioner is reversed and the case remanded for further consideration consistent with this decision

**SO ORDERED AND ADJUDGED** this the 21st day of July, 2025.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**